**AMERICAN INSURANCE COMPANY et al., Appellants,**

**v.**

**Mart LESTER and Ed Lester, Individually, and doing business as Lester Coal Company, and Correale Mining Corporation, Appellees.**

**No. 7160.**

United States Court of Appeals Fourth Circuit.

Argued April 12, 1956.

Decided May 22, 1956.

rendered against them by the United States District Court for the Southern District of West Virginia in their civil action seeking a declaratory judgment against Correale Mining Corporation (hereinafter called Correale) and against Mart and Ed Lester, individually and doing business as Lester Coal Company, as defendants. This was before us previously on jurisdictional questions, 4 Cir., 214 F.2d 578, where we held the requisite diversity of citizenship existed between the parties to give jurisdiction of the case to the District Court. The opinion of the District Court, on remand, is unreported.

Originally, this suit involved a determination of the rights of Correale and the Lesters to recover for a fire loss of a coal tipple on June 28, 1953, covered by various insurance policies issued by the plaintiff companies. The original Complaint asked for a declaration as to the validity of a valuation agreement establishing the worth of this tipple, in the light of certain alleged misrepresentations by Fred Correale, Correale's general manager. That agreement set the value of the tipple as $67,833.33.

Subsequent to our remand of the cause to the District Court, the insurance companies filed a Supplemental Complaint adding charges of fraud by Correale with reference to the Head House fire of November, 1952, which was prior to the tipple fire, and as to the fire of December, 1953, involving a club house and other buildings on the premises. Their purpose was to have the policies declared void. The District Court, however, at the commencement of the trial, on July 11, 1955, granted Correale's motion and struck the allegations concerning the December fire from the Complaint. At the conclusion of the evidence of the insurance companies, the court took the issue involving the November, 1952, fire from the jury upon the ground that there was insufficient evidence to sustain the charge that payment for the destruction of the Head House had been obtained by material misrepresentations concerning the ownership and value of the property.

Joseph M. Sanders and Arthur F. Kingdon, Bluefield, W. Va., for appellants.

J. Strother Crockett, Welch, W. Va. (Joseph M. Crockett and Charles A. Tutwiler, Welch, W. Va., on the brief), for appellees Mart Lester and Ed Lester, individually and doing business as Lester Coal Co.

Paul S. Hudgins, Bluefield, W. Va. (George Richardson, Jr., Bluefield, W. Va., and Theodore R. Laputka, Hazleton, Pa., on the brief), for appellee Correale Min. Corp.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by twenty-four fire insurance companies from a judgment

Thereupon, after hearing the arguments of counsel and having heard the charge of the court, the court submitted written questions to the jury and the jury answered such questions as follows:

"1. Did Correale at any time after the tipple fire willfully conceal or misrepresent any material fact or circumstance concerning the tipple? ("Yes" or "No".) No.

"2. What was the actual cash value of Correale Mining Company's interest in the tipple at the time it was burned? $........

"2a. If you are not able to arrive at a figure representing the actual cash value, what percentage of the actual cash value was represented by Correale's interest? 70%

"3. What was the actual cash value of Lesters' interest in the tipple at the time it was burned? $........

"B. B. Houseman
"Foreman"

The District Court, in its Final Order, then stated:

"And now proceeding to declare the rights of the parties herein and to grant the further relief appropriate to this action, it is considered by the court that the actual cash value of the tipple on June 28, 1953, the date of its destruction by fire, as between Correale Mining Corporation and the plaintiff companies which signed the Valuation Agreement, was $67,833.33, and that on said date the interest of Correale Mining Corporation in said tipple was 70% thereof.

"It is further considered by the court that the percentage of the actual cash value of said tipple represented by the Lesters' interest therein was 30%; and that the actual cash value of the interest of Mart Lester and Ed Lester in the $50,000.00 Binder, at the time of the destruction of the tipple was 30% of said $50,000.00 Binder, being $15,000.-00."

Interest was allowed both defendants, to commence as of the date of the verdict. From this judgment the insurance companies have appealed to us and Correale has cross-assigned error for reasons hereinafter considered.

The principal question on this appeal relates to the alleged fraud by Correale affecting the validity of the insurance policies and the District Court's submission of this matter to the jury for a determination thereof. In addition, the apportionment of interests in the tipple between the defendants as to the amount each should recover and the date from which interest should run, are questioned. The court's elimination from consideration by the jury of the November, 1952, fire and the December, 1953, fire, and its examination of the witness Bruce are also complained of by the plaintiffs.

We find, however, no basis justifying a reversal of the judgment below and we hold, instead, that the judgment of the District Court must be affirmed.

The tipple destroyed by fire on June 28, 1953, was located on coal mining property in Buchanan County, Virginia, owned by Shawmut National Bank of Boston. Correale, as lessee of this property, had improved this tipple and had the right to remove it within six months after termination of the lease. In March, 1953, Correale had subleased to Lester all the unmined coal in Cedar Grove Seam and all machinery, equipment, buildings and structures upon this property. This coal tipple was a part of the structures included in the lease.

Just prior to the fire, on June 24, 1953, Mart Lester had consulted an attorney and insurance agent in Grundy, Virginia, to obtain insurance. Mart Lester had been told by persons interested in obtaining his lease that he had an insurable interest in this property and that he should be protected. He paid a premium on a $50,000.00 policy covering this tipple. The insurance agent, on the same day, issued a binder in the requested amount, binding ten insurance companies. The policies were subsequently issued in the amount of $40,000.00; the

reduction, however, was without the insured's permission. The names of the Lesters and of Correale were included in these policies and they were made payable as their interests may appear.

Correale had "blanket" insurance, issued in Virginia, on all of the property. It also had use and occupancy policies. A number of policies were involved because of the size of the risk. The January, 1953, annual statement filed by Correale with the Virginia Rating Bureau showed the value of the tipple at $120,-000.00; Correale's books listed its value at $135,407.54.

■ Originally, Correale was under contract to mine all merchantable coal from the Cedar Grove Seam and apparently had the right to strip mine the Eagle Seam, which lay underneath. The main question of fraud or misrepresentation after the tipple fire involved statements by Fred Correale to Bruce, Manager of General Adjustment Bureau, and to the representatives of the insurance companies, that Correale had certain rights to mine these two seams of coal, which materially affected the value of the destroyed tipple. On this question of the right of Correale to mine this coal and the quantity of minable coal present, there was a definite conflict of testimony. We think this clearly was a question for the jury, that the District Court did not err in so treating this issue, and that the jury, having resolved the question in favor of Correale, should not have its verdict disturbed.

■ The Virginia Supreme Court of Appeals, as to proof of fraud, has said in Sands v. Bankers' Fire Insurance Co., 168 Va. 645, 192 S.E. 617, 622, that " 'One who alleges fraud must prove the allegation by clear and convincing proof. The charges cannot be sustained by doubtful and uncertain testimony.' " The jury obviously felt the proof offered here was insufficient, as did the District Court in refusing to direct a verdict for the insurance companies. See, Provident Life & Accident Insurance Co. v. Walker, 190 Va. 1016, 59 S.E.2d 126, 131.

■ Absent the question of fraud, which was settled by the jury, we think the parties were bound by the agreement between Bruce and Correale, which fixed the sound value of, and the amount of loss and damage to, the tipple at $67,-833.33, which represents a replacement cost of $101,750.00, less one-third depreciation. As to Lester, no question of fraud was ever raised.

■ The jury, in answer to a specific question submitted to it by the court, set Correale's interest in the tipple at 70% of its actual cash value. The court accordingly awarded Correale that sum, i.e., $47,483.33, representing 70% of $67,-833.33. As for Lester, we think it clear that it had an insurable interest in the tipple and that it procured the insurance to protect this interest. There was ample support in the record for these conclusions, and, in view of the answers given by the jury to the submitted questions, the District Court properly awarded Lester judgment for $15,000.00, representing a 30% interest in the tipple which was covered by binder it had taken out to cover such a loss.

■■ We find no abuse of discretion on the part of the District Court in awarding interest from the date of judgment instead of from the date of the valuation agreement. Nor do we find merit in the insurance companies' complaint of the court's examination of the witness Bruce. This examination was properly designed to develop the facts for the jury and was within the discretionary powers of the court.

We find no merit in the other alleged errors in the trial below, including the withdrawal by the court of the issues as to two fires from the jury's consideration. Accordingly, for the reasons herein set out, the judgment of the District Court is affirmed.

Affirmed.